RANSOM *vs.* THE PRESIDENT, DIRECTORS, AND COMPANY OF THE STONINGTON SAVINGS BANK and others.

A corporate aggregate must answer under the seal of the corporation.

They may adopt and use any seal *pro hac vice.*

If the seal is dispensed with it should be by leave of the court previously obtained and for good cause shown.'

This was a motion to suppress answer.

*Ransom,* for motion.

*Gilchrist,* contra.

THE CHANCELLOR. The defendants, the Stonington Savings Bank, claiming to be a body corporate created by the laws of the state of Connecticut, filed a paper purporting to be an answer to the complainant's bill not under their corporate seal. The paper was signed by counsel, and verified by the oath of the secretary of the corporation in the usual form. An affidavit has also been made by the secretary of the company and filed, stating that the bank has no corporate seal. The complainant's counsel moves to suppress the answer as irregular.

A corporation aggregate answers under the seal of the corporation. *Cooper's Eq. Pl.* 325; *Mitford's Pl.* 9; *Rex* v. *Windham, Cowp.* 377; *Story's Eq. Pl.* 874; 1 *Vern.* 117; *Angel & Ames on Corp.* § 665; 1 *Newland's Ch. Pr.* 131; 1 *Daniels' Ch. Pr.* 876, note 1; 3 *Hoffman's Ch. Pr.* 239.

The practice is in accordance with the ancient though somewhat obsolete rule of the common law, that a corporation, being an invisible body, acts and speaks only by its common seal.   1 *Bla. Com.* 475.

If the uniform practice of the court in this particular is departed from, and the use of the seal dispensed with, it should be by leave of the court previously obtained and for good cause.   The affixing of the corporate seal is the usual mode of authentication, and affords the best evidence that the paper purporting to be an answer is in fact the answer of the corporation.   As the answer now stands, there is no evidence whatever that it was ever authorized or adopted by the corporation.   The presumption, indeed, is the other way; for the caption of the answer states that it is under the common seal of the corporation, when in fact it is not so authenticated, thus affording a presumption, at least, that it was never adopted as their answer.

The fact that the corporation have no common seal affords no ground for relaxing the practice.   It is an inseparable incident of every corporation that they may have a common seal, and make, alter, and renew the same at pleasure.   *The case of Sutton's Hospital,* 10 *Coke* 30 *C; Angel & Ames on Corp.* § 217.

They may use and adopt any seal *pro hac vice.*   It may be a bit of paper attached by wafer, without any impression indicative of a common seal of a corporation.   *Milldam Foundry* v. *Hovey,* 21 *Pick.* 417.

If any seal whatever is attached to the answer *by the authority of the corporation* it becomes their seal, and if the answer is verified in usual form by the signature of an officer of the corporation, his affidavit that the seal so affixed is the seal of the corporation, and was affixed by authority of the corporation, the answer upon its face purports to be and is under the corporate seal.

The motion is allowed with costs.